UNITED STATES STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES AND UNITED STATES INTERNATIONAL TRADE COMMISSION, DEFENDANTS

Consolidated Court No. 82–3–00288

Before WATSON, *Judge.*

(Decided April 23, 1982)

*The Law Department of United States Steel Corporation (D. B. King, J. J. Mangan, C. D. Mallick* and *L. Ranney* on the brief) for plaintiff United States Steel Corporation.

*Michael H. Stein,* General Counsel and *Warren H. Maruyama* on the brief for defendant U.S. International Trade Commission.

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Branch Director, Commercial Litigation Branch and *Sheila N. Ziff,* Commercial Litigation Branch, on the brief) for Department of Commerce.

WATSON, *Judge:* Plaintiff, United States Steel Corporation (U.S. Steel) brought this action under Section 516A(a)(1)(D) of the Tariff Act of 1930 (19 U.S.C. § 1516a(a)(1)(A)(iii)) to obtain judicial review of findings by the United States International Trade Commission (ITC) which had the effect of terminating 22 antidumping and countervailing duty investigations.[1] These were among 54 investigations terminated when the ITC, in accordance with sections 703 and 733 of the Tariff Act of 1930 (19 U.S.C. §§ 1671b, 1673b), and within 45 days of the filing of the initiating petitions, found that there was no reasonable indication that a United States industry was being materially injured by the imports under investigation.

---

[1] See the following:
Hot-Rolled Carbon Plate from France—Inv. No. 731–TA–54 and Inv. No. 701–TA–88.
Hot-Rolled Carbon Plate from Italy—Inv. No. 731–TA–55 and Inv. No. 701–TA–90.
Netherlands—Inv. No. 701–TA–91.
Cold-Rolled Carbon Steel Sheet and Strip from Belgium—Inv. No. 731–TA–68 and Inv. No. 701–TA–102.
Cold-Rolled Carbon Steel Sheet and Strip from the United Kingdom—Inv. No. 731–TA–73 and Inv. No. 701–TA–108.
Galvanized Sheet from Belgium—Inv. No. 731–TA–75 and Inv. No. 701–TA–110.
Galvanized Sheet from France—Inv. No. 731–TA–76 and Inv. No. 701–TA–111.
Galvanized Sheet from Italy—Inv. No. 731–TA–77 and Inv. No. 701–TA–112.
Galvanized Sheet from the Netherlands—Inv. No. 731–TA–79 and Inv. No. 701–TA–114.
Galvanized Sheet from United Kindgdom—Inv. No. 731–TA–80 and Inv. No. 701–TA–115.
Galvanized Sheet from West Germany—Inv. No. 731–TA–81 and Inv. No. 701–TA–116.

(At the same time the ITC found a reasonable indication of injury in 38 other steel-related investigations and they were continued.)

U.S. Steel has now moved to have the 22 terminated investigations continued *pendente lite* by the International Trade Administration of the Department of Commerce (ITA) and the ITC. To that end, U.S. Steel requests either the issuance of an extraordinary writ under the All Writs Act, 28 U.S.C. § 1651, or injunctive relief. The Court sees no need for oral argument or further briefing and plaintiff's motions with respect to those matters are denied.

The Court finds no justification for the extraordinary relief requested and no ground for interfering, at this stage of the proceeding, with the statutory mandate that antidumping and countervailing duty investigations shall be terminated if the ITC determines, under 19 U.S.C. § 1671b or § 1673b that there is no reasonable indication that the imports being investigated are causing material injury to an industry in the United States.

A writ under the All Writs Act is inappropriate here; nor has there been the showing necessary to warrant injunctive relief.

As regards an extraordinary writ, there is no threat to the Court's jursidiction and no demonstration that the possibility of relief in this action is being eroded or precluded. Defendants correctly distinguish the use of the extraordinary writ power to prevent the destruction of the subject matter of the action as in *Federal Trade Commission* v. *Dean Foods Co.,* 384 U.S. 597 (1966) (writ used in antitrust action to prevent dismemberment of an acquired competitor), or in *Alberta Gas Chemicals, Inc.* v. *United States,* 85 Cust. Ct. 122, C.R.D. 80–13, 496 F. Supp. 1332 (1980) (writ used in challenge to antidumping duty to prevent government auction of import assertedly subject to the duty).

All we have here are assertions by the plaintiff that the investigations cannot be easily recommenced, that it is of critical importance to minimize any delay in obtaining relief and the further suggestion, that these terminated investigations must be rejoined to those investigations which were not terminated, so that each of the products involved can be evaluated in the aggregate. The first two assertions are without factual support and the third depends on legal propositions which are hardly elaborated, let alone established in the motion.

If plaintiff is seeking an aggregation of separate investigations, then it must be relying on some statutory duty of the ITC and ITA to deal with the products under investigation in a more unified manner. But such a duty is not established by the general observation that these statutes are directed to the injurious effect of a "class or kind of merchandise" and the assertion that all the plate and cold rolled sheet imports at issue are fungible with like products still under investigation. These statutes have detailed provisions dealing with the conduct of individual investigations and in

the absence of proof of a specific violation of those provisions, judicial intervention is unwarranted.

This is particularly the case when apparent conformity to statutory procedures resulted in the termination of the investigations at issue in this action.

In short, plaintiff has not shown to the satisfaction of the Court that conditions exist here which prevent the Court from providing appropriate relief at the conclusion of its judicial review.

Finally, no grounds for injunctive relief have been supplied. The Court has not been persuaded that the termination of the investigations threatens plaintiff with irreparable injury; that plaintiff has a substantial likelihood of success on the merits; or that considerations of the relative harm to the parties and the evaluation of the public interest operate to favor plaintiff.

For these reasons, it is ordered that plaintiff's motion, be and the same hereby is, denied.